Case No: 1:17-cv-00104 CWD   Inmate Name: Goodrick
Date: 6 April 2007   Inmate IDOC#: #13304
Document Title: Amended Complaint
Total Pages: 21   Inmate Initials Verifying Page Count: DG
Document(s) 1 of 21

Dan Goodrick # 13304
ISCI; Medical Annex
Box 14
Boise, Idaho 83707
Plaintiff in Propria Persona

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DAN GOODRICK,<br>　　　　Plaintiff,<br><br>vs.<br><br>JEFF ZMUDA, KEITH YORDY,<br>GARRETT COBURN, BRETT<br>PHILLIPS, ALAN STEWART, and<br>JILL WHITTINGTON,<br>　　　　Defendants.<br><br>Individually and in their<br>official capacities | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:17-cv-00104-CWD<br><br>AMENDED COMPLAINT<br>42 U.S.C. § 1983 |

COMES NOW, Dan Goodrick Plaintiff and hereby amends his Complaint pursuant to Rule 15(a), Fed.R.Civ.P. as set forth herein.

P R E L I M I N A R Y   H E A R I N G

This is a civil action filed by inmate Dan Goodrick of the Idaho Department of Correction (IDOC) to redress wrongs under color of law.

AMENDED COMPLAINT. . .P. 1

Plaintiff seeks monetary damages, declaratory judgment and injunctive relief pursuant to 42 U.S.C. § 19883 and Federal Rules of Civil Procedure.

Plaintiff was and continues to be denied legal postage for legal letters and treated as confidential, privileged, and legal" in mailing them. Defendants have refused to provide legal postage to mail legal letters to Stephen L. Pevar house council of the ACLU in Hartford, Connecticut and the ACLU in Boise, Idaho or their attorneys stating such was not "privileged or legal" and ordered Plaintiff to mail such letters by regalur mail thus subjecting such letters to seizure, seacrh, reading, copying, censorhip, and being done outside of the Plaintiff's presence or without his knowledge or consent.

Plaintiff was and has been indigent for the past six (6) and pursuant to clearly established law and IDOC he is to be provided postage for legal letters. Plaintiff is also given four (4) indident envelopes for personal letters to keep in touch with family and friends.

Defendants have and continue to provide postage to the Plaintiff for legal letters to the ACLU and their attorneys and have tried to force Plaintiff to choose between seeking legal advice and help or keeping in contact with family and friends; choosing one right while saxcrificing the other. Plaintiff has not been able to seek legal advice and assistance thereby causing irreparable damage and the loss of viable claims.

AMENDED COMPLAINT. . .P. 2

Defendants customs, practices, and policies have and continue treat letters to the courts, ACLU, legal organizations, attorneys not of record, attorneys not members of a certain state bar, Judicial Council, state and federal agencies and their employees as "regular" mail not subject to the protections of confidentiality and privileged.

Defendants have further refused to comply with the IDOC's self created administrative grievance procured by circumventing the process and refusing to respond.

Plaintiff's rights to access to the courts, free speech, the right to free expression, the right to association, due process, and equal protection of the law has and continues to be impeded and denied his by Defendants through their acts, omissions, and their acquiescence through their illegal and unconstitutional customs, practices, and policies in direct violation of the First and Fourteenth Amendments of the Constitution and clearly established law.

Defendants Zmuda, Yordy, Coburn, Phillips, Stewart, and Whittington through their acts, omissions, and acquiescences have and continue to knowingly deny Plaintiff access to the courts by their refusal to comply with their own policies or enforcing illegal and unconstitutional customs, practices, and policies when after being "placed on notice" of their illegality and refusing to correct the illegality.

AMENDED COMPLAINT. . .P 3

Defendant Zmuda, Yordy, Coburn, Phillips, Stweart, and Whittington through their acts, omissions, and acquiescences have knowingly and willingly created and enacted illegal policies that have and continue to impede access to the courts, access to attorneys, the ACLU, legal organizations, <u>inter alia</u> by refusing to pay legal postage for Plaintiff who is indigent and refusing to treat such letters as confidential, privilge, or legal thereby giving and allowing Defendants, their agents, and employees carte blance authority to censor, read, copy, and search such letters secretly and without restraint whether letters are of a legal nature or to a legal entity either being mailed out or coming into ISCI by using the U.S. Mail system.

## JURISDICTION

1. This Court has jurisdiction over Plaintiff's claims of violating his secured rights under the Constitution pursuant to 42 U.S.C. § 1983, 28 US.C. § 1331(a0, and 28 U.S.C. § 1343.

2. Jurisdiction is also proper pursuant to Rules 57 and 65, Federal Rules of Civil Procedure.

## PARTIES

3. Plaintiff Dan Goodrick is and was incarcerated at ISCI at all times relevant to the Complaint.

4. Defendant Zmuda at all times relevant to the Complaint was Chief, Division of Prisons for the IDOC. He is being sued for damages in his individual capacity and for declaratory and injunctive relief in his official capacity.

AMENDED COMPLAINT. . .P.4

5. Defendant Keith Yordy at all times relevant to the Complaint was warden at ISCI. He is responsible for being the final "appellate" authority in the IDOC grievance procedures. He is being sued in his individual capacity for damages and for delaratory judgment and injunctive relief in his official capacity.

6. Defendant Garrett Coburn at all times relevant to the Complaint was the deputy warden at ISCI. He is being sued in his individual capacity for damages and for declaratory judgment and injunctive relief in his official capacity.

7. Defendant Brett Phillips at all times relevant to the Complaint was Management Assistant Division of Prison, Access to Courts Coordinator. He is responsible for the customs, practices, training of the paralegals utilized by the IDOC in their Resource Centers. He is being sued in his individual capacity for damages and for declaratory judgment and injunctive relief in his official capacity.

8. Defendant Stewart at all times relevant to the Complaint was an IDOC employee and the paralegal of the Resource Center at ISCI. He is to provide access to courts and legal services to the Plaintiff and all inmates at ISCI. He is being sued in his individual capacity for damages and for declaratory judgment and injunctive relief in his official capacity.

9. Defendant Jill Whittington is an IDOC employee and is the grievance coordinator at ISCI. She has a fiduciary duty to process all grievances and to ensure all grievances and appeals go to the proper officials and are timely responded to and returned to the the inmate in order to exhaust administrative remedies. She is being

AMENDED COMPLAINT. . .P. 5

sued in her individual capacity for damages and declaratory judgment and injunctive relief in her official capacity.

## FACTUAL ALLEGATIONS

10. Plaintiff has been incarcerated within various IDOC facilities for the past $25\frac{1}{2}$ years.

11. In the span of that time Plaintiff has consulted, sought, and received legal advice, assistance, and help from Stephen L. Pever, in-house counsel for the ACLU in Hartford, Connecticut, from the ACLU and their attorneys in Boise, Idaho, from attorneys in and out of the state of Idaho, various legal organizations, state and federal agencies and their entities, Idaho Bar, Judicial Council, inter alia.

12. In the course of those years, each letter to or from the above named legal entities were treated as legal, privileged, and confidential mail.

13. Each letter coming into an IDOC facility addressed to the Plaintiff from one of the above named entities was opened only in the presence of the Plaintiff and, Plaintiff was required to sign the IDOC Legal Mail Log" acknowledging that he received such legal letter.

14. Legal letters from the above named entities entered IDOC facilities at ISCI from May through Septmber 2004, and the remaining years from 1992 to the present, 2017 each being treated as legal, privileged, and confidential by officials up to until December 20, 2016 by Defendants at ISCI.

AMENDED COMPLAINT. . .P. 6

15. In the past 6½ years from August 2010 through December 20, 2016 Plaintiff was housed at IMSI in administrative segregation, (ad.seg.).

16. Plaintiff has been indigent for approximately six (6) years, (2011) while being housed at IMSI.

17. In those six (6) years Plaintiff corresponded with courts, the Idaho Bar, Judicial Council, various legal organizations, legal clinics. Sten L. Pevar of the ACLU in Connecticut and the ACLU in Boise, Idaho and its' attorneys where Plaintiff's letters were always treated as legal, privileged, and confidential and Plaintiff was always provided adequate postage for such letters to the above named legal entities.

18. Each letter to the courts, Idaho Bar, Judicial Council, various legal organizations, Stephen L. Pevar and the ACLU of Connecticut, the ACLU in Boise, Idaho, attorneys within and outside the state of Idaho was always logged in the IMSI Resource Center as "outgoing legal mail" and Plaintiff was always provided adequate legal postage for such mailings as Plaintiff was indigent and he was never told or attempted to be forced to use his four (4) monthly indigent personal envelopes for legal mail thereby forcing him to choose between two rights; to keep in touch and correspond with family or, forfeit such contact to participate in protected legal activities.

19. At no time during the course of Plaintiff's incarceration for the past 25½ years was Plaintiff ever required to write only

AMENDED COMPLAINT. . . P. 7

an attorney of record or an attorney belonging to a particular state bar in order to have such letter be treated as legal and be provided legal postage for mailing.

20. No time during the past 25½ years of Plaintiff's incarceration was he ever denied needed postage to write and/or contact courts, attorneys within or outside the state or an attorney not of record, legal organizations, the Idaho Bar, Judicial Council, Stephen L. Pevar of the ACLU or the ACLU in Boise, Idaho and its' attorneys nor were such letters denied to be treated as legal, privileged , and confidential mail.

21. On December 20, 2016 Plaintiff was transferred from IMSI and ad. seg. to ISCI and placed in the Medical Annex where he is currently housed.

22. On or about December 26, 2016 Plaintiff wrote two (2) legal letters; one to Stephen L. Pevar, in-house counsel of the ACLU in Hartford, Connecticut and the other to the ACLU in Boise, Idaho with "Attn: Lori" on the envelope beings Plaintiff did not know her last name when she contacted him through the mail on behalf of the ACLU in Boise, Idaho.

23. Plaintiff placed each letter in a white number # 10 envelope and properly addressed each one identifying the ACLU as the recipient and deposited each in the "legal box" located within the Medical Annex where Plaintiff is housed.

24. Defendant Stewart, the ISCI paralegal removed each letter from the locked "legal box" on the Medical Annex.

AMENDED COMPLAINT. . . P. 8

25. On December 28, 2016 Plaintiff's two (2) deposited legal letters that were addressedto the ACLU and their attorneys were returned to him by Defendant Stewart by "institutional mail."

26. Defendant Stewart attached to each returned letter a "Resource Center" slip.

27. Each response stated that the letter addressed to the ACLU and its attorney was not "legal" or "privileged" mail per IDOC policy but, never cited "what" policy including, but not limited to, the policy number, page, or section upon which Defendant Stewart claimed as the reason for refusing legal postage and mailing of said letters.

28. Defendants own policy holds <u>inter alia</u> that letters to the courts, Judicial Council and Idaho Bar are not legal mail" and are subject to search. <u>See</u>: **Exhibit "3", Section 4, "note"** hereto attached.

29. Defendant Stewart, Coburn and with the acquiescenece of the other named Defendants claimed that because Stephen L. Pevar was not a member of the Connecticut bar, a letter to him at the ACLU was not legal, privileged, or confidential mail thereby refusing to provide postage and refusing to mail such letter as well as the legal addressed to the ACLU in Boise, Idaho and its' attorney. <u>See</u>: **Exhibits "1 and 2"** hereto attached.

30. As a result of Defendant Stewarts acts and the acts, omissions, and acquiescence of the other named Defendants Plaintiff's rights were and continue to be violated causing him to lost viable claims denying him access to the courts, denying him the right to

AMENDED COMPLAINT. . . P. 9

associate, free speech, freedom of expression, due process and equal protection of the law.

31. The IDOC and its' agents and employees have a systematic pattern of impeding Plaintiff's legal rights, access to the courts, and use of the U.S. Mail for legal purposes as well as harassing and retaliating against him in direct violation of a Stipulation and agreement settlment. See: Exhibit "4" hereto attached.

32. Plaintiff placed the Defendants attorney on notice of Defendant Stewart's illegal actions and the use of illegal policies, either the IDOC's or Defendant Stewart's own self-serving policies or those of the other Defendants. See: Exhibit "5" hereto attached.

33. Defendants, their agents, and employees have a history of impeding Plaintiff's right to mail legal letters to and receive legal advice, help and assistance from in particular, but not limited too, Stephen L. Pevar of the ACLU. See: Exhibit "6", hereto attached. See also: Goodrick v. Shedd, USDC No. 99-0558-S-EJL.

34. Notably mail from legal entities and the ACLU, including, but not limited to, Stepen L. Pevar were treated as legal mail by the IDOC mail room where such letters were listed on the IDOC's "Legal Mail Log", opened in his presence and, he had to sign for receipt of such letters in January 2017, on February 10th and 17th, 2017 respectively.

35. Plaintiff filed a grievance per IDOC grievance policies concerning being refused to have legal postage provided him, denial of legal mail of legal letters on January 11, 2017 Grievance #

AMENDED COMPLAINT. . . P 10

II 170000041 which Defendant Stewart and Coburn responded to on January 23, 2011. See: Affidavit of Dan Goodrick hereto attached.

36. Plaintiff filed his appeal to the grievance completing the last step in the IDOC grievance process on January 30, 2017. See: Affidavit of Dan Goodrick hereto attached.

37. Defendant had sixteen (16) days in which to respond to Plaintiff's appeal ending the final step in the grievance process per IDOC policy, SOP 316.02.01.001, Section 8, subsection 4. See: Exhibit & hereto attached.

38. Defendants have refused to respond to the grievance appeal even after two (2) Concerns sent to Defendant Whittington the grievance coordinator stating that Defendants had not complied with their grievance procedures which has denied Plaintiff access to the courts and making administrative remedies unavailable and deemed exhausted. See Exhibit 8, hereto attached. See also: Affidavit of Dan Goodrick.

39. Defendants acknowledge that Plaintiff must exhaust administrative remedies in order to file a lawsuit against the IDOC and its' employees. See: Exhibit 9 hereto attached.

40. Plaintiff also contacted deputy attorney general Mark Kunbinski who is one of the Defendants attorneys sending such letter by "regular mail" where Plaintiff has never received a reply to. See: Exhibit 10, hereto attached.

41. Defendants with the acquiescence of their attorney Mark Kunbinski refusal to deal with the problems of Defendants knowingly and willingly violating Plaintiff's secured rights. See: Exhibits

AMENDED COMPLAINT. . .P. 11