1-6,9-10 hereto attached.

42. Defendant Zmuda with IDOC attorneys drafted and/or approved both "Mail" and "Access to Courts" policies and SOPs that violate the Constitution and used in every IDOC facility. As such, Defendant Zmuda is liable for setting in motion illegal and unconstitutional practices and customs which have and continue to violate Plaintiff's and all inmates rights impeding and denying them access to the courts, access to legal counsel, and use of the U.S. Mail for legal purposes.

43. Defendant Phillips the "Access to Courts Coordinator" has by his office, acts, omissions, and acquiescence has set in motion, created, or allowed to be created and implemented customs, practices, and policies that are used unconstitutional and used in every IDOC Resource Center which have and continue to violate Plaintiff's and all inmates rights by impeding and denying Plaintiff access to the courts, access to legal counsel, and use of the U.S. Mail for legal purposes.

44. Defendant Yordy was and continues to be the warden at ISCI and has the fiduciary duty to oversee his subordinates and to ensure they act within the law and IDOC policies thereby violating the Plaintiff's secured rights. Defendant Yordy is liable for damages as he was placed on notice of his rights being violated and refused to respond to the grievance appeal as he was required to do or to correct the problem that denies Plaintiff access to the courts, denial of access to attorneys, use of the mails for legal purposes, free speech, freedom to associate, freedom of expression, due process,

AMENDED COMPLAINT. . . P. 12

EX 1 – Pevar note

EX 2 – Lori note

EX – 3   Policy courts

EX 4   settlement on retaliation

EX 5   letter to Kubinski – legal work

EX 6   settlement Shedd

EX 7   Grievance policy – 16 day for appeal

EX 8   Concerns from to Whittington along with her duties

EX. 9   Access To Courts exhaustion

EX 10 – Kubinski – letter over ACLU letters

EX 11 – deputy warden paralegals boss

EX 12   indigent / legal counsel courts mailing

and equal protection of the laws. See: Exhibit "7-9". See also: Affidavit of Dan Goodrick.

45. Defendant Coburn was and continues to be the deputy warden of ISCI and has the fiduciary duty to oversee all subodinates including, but not limited to, Defendant Stewart, the ISCI paralegal. See: Exhibit "11", # 10 hereto attached. As such, Defendant Coburn is liable to the Plaintiff for the knowing violation of Plaintiff's secured rights by condoning Defendant Stewart violating Plaintiff's secured when placed on notice through the grievance process, failing and refusing to correct the illegal and unconstitutional acts, failure to train and supervise and to compensate Plaintiff for damages incurred by Plaintiff where he was and continues to be denied legal postage for legal mail, to have legal mail mailed and treated as such that is addressed to the ACLU, attorneys within and outside the state of Idaho, attorneys not of record, courts, Judicial Council, Idaho bar and legal organizations relying on illegal policiy, Exhibit "3" hereto attached. See also: Affidavit of Dan Goodrick.

46. Defendant Stewart was and continues to be the paralegal for ISCI. He is supposed to know IDOC policy, prisoners rights and clearly established law that governs the rights of inmates in particular Plaintiffs' secured rights, including but not limited to access to the courts, free speech, freedom to associate, freedom of expression, the right to postage for legal mail, the right to use the U.S. Mail for legal mail, due process and equal protection of the law. Defendant Stewart is liable to the Plaintiff for damages in that he knowingly and willingly violated Plaintiff's rights by

AMENDED COMPLAINT. . . P. 13

refusing to provide Plaintiff legal postage to mail letters to attorneys of the ACLU and treat said letters as legal, privileged, and confidential and mail them. See: Exhibits "1-2" hereto attached. Defendant Stewart was placed on notice of his illegal and his unconstitutional acts verbally by Plaintiff and then through the IDOC grievance procedure in which Defendant Stewart refused to correct or pay damages but relied on "illusive" policies which he nor any other Defendant identified by policy number, page, and section. Defendant Stewart ordered Plaintiff to send legal letters by regular mail subjecting them to search and, to use the monthly indigent envelopes (4) Plaintiff is provided to keep in touch with family in direct violation of IDOC policy. See: Exhibit "12" hereto attached. See also: Affidavit of Dan Goodrick.

 47. Defendant Stewart is further liable for illegally manipulating, rewriting, and tweaking IDOC policy and refusing to provide Plaintiff with a six (6) month printout of his prison account that shows he is and has been indebted to the IDOC. See: Exhibit "13" hereto attached.

 48. Defendant Stewart refused to provide Plaintiff a "printout" of his prison account to attach to the original complaint to proceed in forma pauperis for naming him as a Defendant stating Plaintiff never complied with policy. See: Exhibit "13" hereto attached.

 49. Plaintiff sent Concerns on February 18, 2017 and again on March 8, 2017 challenging the retaliatory actions of Defendant Stewart

AMENDED COMPLAINT. . . P. 14

refusing to provide a printout when in fact, policy did not state what Defendant Stewart claimed. <u>See</u>: **Exhibits 13 & 14** hereto attached. <u>See also</u>: **Exhibits 4 & 5** hereto attached.

50. When Plaintiff requested a printout to provide the Court in order to proceed in forma pauperis on March 14, 2017 Defendant Stewart provided an erroneous printout that is incorrect.

51. Plaintiff told Defendant Stewart that said printout was incorrect and did not reflect his account to which Defendant Stewart replied, "live with it, as that's the form I am providing the Court." <u>See</u>: **Prisoner Application to Proceed in Forma Pauperis** and **Statement of Prisoner Trust Account & Offender Account Activity**" hereto attached.

52. The correct account of the Plaintiff will show a minus -$93.30 of debt owed the IDOC. Confirmation of Defendant Stewart certifying a fraudulent trust account in order to impede Plaintiff's access to the Court and attempt to get the civil action against him and his colleagues dismissed because of submission of an untrue document and/or trust account.

53. The IDOC business office and records can verify Plaintiff's claim of having a debt to the IDOC and Defendant Stewart providing Plaintiff fraudulent documents which Defendants refuse to correct or provide. <u>See</u>: **Exhibit 15**.

54. Defendant Whittington did knowingly and willingly circumvent the IDOC grievance procedure process in being the Grievance Coordinator refused to ensure that Defendant Yordy complied with

AMENDED COMPLAINT. . . P. 15

the IDOC grievance policies allowing Plaintiff to exhaust his administrative remedies in order to give him access to the Court. **See**: **Exhibit 9** hereto attached.

55. Defendant Whittington acting in collusion with Defendant Yordy to deny Plaintiff his appellate process of the IDOC grievance procedures thereby denying Plaintiff access to the Court, due process, and equal protection of the law under the First and Fourteenth Amendments of the Constitution. **See**: **Exhibit 8** hereto attached.

56. Defendant through acts, omissions, and acquiescence did knowingly and willingly implement, use, and enforce their illegal and unconstitutional customs, practices, and policies that did and continues to deny Plaintiff his legal right to have correspondence to the ACLU, courts, attorneys within and outside of the state, attorneys not of record, attorneys not of a particular state bar, Idaho Bar, Judicial Council, legal organizations and various state and federal agencies and their employees as legal, privileged and confidential mail in direct violation of the First, Sixth, and Fourteenth Amendments of the Constitution. **See**: **Exhibits 1-3, 6, 10 & 12** hereto attached.

57. Defendants through acts, omissions, and acquiescence did and coninues to knowingly and willingly refuse to provide postage to the Plaintiff for his legal mail due to his indigency violating his rights to privacy and confidentiality in attempting to force Plaintiff to use his monthly indigent envelopes (4) to mail legal letters by "regular mail" allowing Defendants to open, copy, censor,

AMENDED COMPLAINT. . . P. 16

and read Plaintiff's legal mail with impunity without Plaintiff's knowledge or consent thereby violating his rights under the First, Fourth, Sixth, and Fourteenth Amendments of the Constitution. See: 1-14 hereto attached.

58. Each Defendant individually and collectively after being placed "on notice" through the timely filed grievance of Plaintiff and Defendants Whittington and Yordy circumventing the grievance process thereby denying Plaintiff the right to exhaust his administrative remedies has and continues to deny Plaintiff access to the Court, due process, and equal protection of the law. See: Exhibits 1-14 hereto attached.

59. Defendants own business records, party-opponent addmissions, policies, and prior acts towards the Plaintiff demonstrate a pattern of retaliation and disdain towards Plaintiff for his legal activities and indifference of Defendants and IDOC officials for Plaintiff's legal rights and that of the ACLU and Stephen L. Pevar, attorneys, and legal organizations who assist or help inmates and prisoner's legal rights and issues. See: Exhibits 1-15 hereto attached.

## C L A I M S   F O R   R E L I E F

60. Defendants refusing to treat Plaintiff's letters to the ACLU in Boise, Idaho and to Stephen L. Pevar, in house counsel of the ACLU in Connecticut as legal, privieleged, or confidential mail, refusing to provide postage to Plaintiff for legal mail due to his being indigent has and continues to deny Plaintiff rights of access to the courts, free speech, freedom of association and expression, due process and equal protection of the law in direct violation of the First, Sixth, and Fourteenth Amendments of the

AMENDED COMPLAINT. . . P 17

Constitution.

61. Defendants have and continue to deny Plaintiff secured rights under the First and Fourteenth Amendments of the Constitution by requiring Stephen L. Pevar be a member of the Connecticut bar in order to have Plaintiff's letters to Mr. Pevar be treated as legal, privileged, or confidential correspondence thereby denying Plaintiff access to the courts, free speech, freedom to expression and association, due process and equal protection of the law.

62. Defendants have knowingly and willingly through acts, omissions, and acquiescence created, implemented and put into play customs, practices and policies whereby they refuse to treat mail to the courts, ACLU, attorneys not members of a particular state bar, not attorneys of record, legal organizations, Idaho Bar, Judicial Council, governmental agencies and entities whether state or federal as legal, privileged or confidential mail in direct violation of the First, Sixth, and Fourteenth Amendments of the Constitution.  <u>See</u>: **Exhibits 1-15** hereto attached.

<u>R E L I E F    R E Q U E S T E D</u>

WHEREFORE, Plaintiff requests this Court grant the following relief set forth herein:

A) Issue a Temporary Restraining Order (TRO) against Defendants, their agents, and employees restraining them from further denying legal postage for legal mail, treating letters to the ACLU <u>inter alia</u> as "regular mail" subject to search, seizure, censorship with impunity without the knowledge or consent of Plaintiff.

AMENDED COMPLAINT. . . P. 18

B) Issue a Declaratory judgment declaring that Defendants have circumvent the grievance process of the IDOC and that Plaintiff has exhausted all available administrative remedies due to the Defendants impeding the process.

C) Issue a Declaratory Judgment against Dfendants, their acting agents, and employees declaring that the law has been clearly established for years that letters to the ACLU is to be treated as legal, privileged, and confidential mail.

D) Issue a Declaaratory Judgment declaring that Plaintiff is entitled to free postage for legal mail as long as he is indigent.

E) Issue a Declaratory Judgment against Defendants, their acting agents, and employees that the IDOC's and Defendants "Mail" and "Access to Courts" polices, customs, and practices are illegal violating clearly established law and the Constitution.

F) Issue a Permanent Injunction against Defendants, acting agents, and employees enjoining them from further using or applying their "Mail" and "Access to Courts" customs, practices, and policies not only within ISCI but all IDOC facilities and ORDER that all letters to the ACLU, courts, attorneys within and outside the state, attorneys not of a particular bar, legal organizations, Idaho Bar, Judicial Council, state and federal agencies and their entities be treated as legal, privileged, and confidential mail and mailed as such paying all postage for inmates who are indigent indluding, but not limited too, the Plaintiff.

G) Issue a Permanent Injunction against Defendants, their

AMENDED COMPLAINT. . . P. 19

agents, and employees enjoining them from retaliating against the Plaintiff for bring this action or further action on behalf of himself or others by removing him from the Medical Annex or ISCI and transferring him elsewhere without Plaintiff requesting the same.

H) Award COMPENSATORY DAMAGES jointly and severally against Defendants in the amount of FIFTEEN THOUSAND DOLLARS ($ 15,000.00) to the Plaintiff.

I) Award PUNITIVE DAMAGES against each Defendant INDIVIDUALLY in the following amounts set forth below:

1) SEVENTY-FIVE HUNDRED DOLLARS ($ 7,500.00) against Defendant Zmuda, Yordy, and Whittington.to the Plaintiff.

2) TEN THOUSAND DOLLARS ($ 10,000.00) against Defendant Coburn and Phillips to the Plainiff.

3) TWENTY-FIVE THOUSAND DOLLARS ( $ 25,000.00) against Defendant Stewart to Plaintiff.

J) Grant such further relief as this Court deems proper and just.

K) Award Plaintiff the costs of this action.

Dated this 6th day of April, 2017.

Dan Goodrick, Plaintiff

V E R I F I C A T I O N

I, DAN GOODRICK DO HEREBY CERTIFY AND VERIFY pursuant to 28 U.S.C. § 1746 that the facts set forth herein are true and correct based upon my own personal knowledge and the attached records that are Defendants party-opponent admissions and business records.

I FURTHER CERTIFY AND VERIFY THAT all exhibits attached are true and correct copies of the originals.

Dated this 6th day of April, 2017.

Dan Goodrick, Plaintiff

AMENDED COMPLAINT. . . P. 20

C E R T I F I C A T E  O F  S E R V I C E

I HEREBY CERTIFY THAT on this 6th day of April, 2017 I gave the foregoing document, AMENDED COMLAINT with FIFTEEN (15) exhibits and AFFIDAVIT OF DAN GOODRICK to Defendant Stewart the ISCI paralegal to tramsmit electronically to the U.S. Distrcit Court in Boise, Idaho to be filed and served upon the Defendants and their attorneys.

                                                Dan Goodrick, Plaintiff

AMENDED COMLPAINT. . . P. 21