Case No: 1:17-cv-00104   Inmate Name: Dan Goodrick
Date: 7 March 2017   Inmate IDOC#: #13304
Document Title: Affidavit
Total Pages: 4   Inmate Initials Verifying Page Count: DG
Document(s) 1 of 4

## AFFIDVIT OF DAN GOODRICK

State of Idaho )
            )-ss-
County of Ada )

Dan Goodrick being first duly Sworn upon his oath deposes and says that the following is true and correct based upon his own personal knowledge and the business records of the IDOC which is admissible evidence pursuant to Federal Rules of Evidence.

1. My name is Dan Goodrick and I am 67 years old and am the Plaintiff in this matter and am competent to testify.

2. Defendants refused to provide me legal postage for legal letters to Stephen L. Pevar in house council of the ACLU in Hartford Connecticut and the ACLU in Boise, Idaho stating such was not legal mail per IDOC policy.

3. On December 29, 2016 wrote Defendant's attorney Mark Kubinski making a formal complaint of Defendant Stewart refusing to either treat letters to the ACLU as legal or privileged mail and refused to provide postage for such telling me I had to use my indigent envelopes for legal mail thereby foregoing staying in contact with family and friends and have to send such through "regular mail" which is subject to censorship, copying, reading, and sizure without me ever knowing or being notified.

4. On December 29, 2016 I deposited the letter to Mr. Kubinski in the medical annex mailbox at ISCI using my indigent envelope and

AFFIDAVIT OF DAN GOODRICK. . . P. 1

sending such legal mail via IDOC "regular mail". I have never received a response from Mr. Kunbinski trying to resolve issues. See: Exhibit "8", Complaint.

5. On January 11, 2017 I filed my grievance, # II 170000041 that was labeled "Access to Courts" by prison officials.

6. On January 23, 2017 I received responses from Defendant Stewart as the "Level I" responder and from Defendant Coburn on Jauary 27, 2017 as the "Level II" responder.

7. I filed my appeal to the Defendants responses on January 30, 2017 as my final step in the grievance process where Defendant Yordy by IDOC policy had sixteen (16) days to respond; SOP 316.02.01.001, section 8, subsection 4.

8. Defendant Yordy has refused to timely respond and the ISCI Grievance Coordinator was placed on notice two (2) separate times that the time limit had expired and as such, I had exhausted all administrative remedies. See: Exhibit "4", Complaint.

9. Attached to this Affidavit is a true and correct copy that I copied verbatim of Grievance # II 170000041 and the responses of the Defendants and my appeal.

10. Further sayeth your affiant naught.

Subscribed to and Sworn before me this 7th day of March, 2017.

_____
Dan Goodrick, Affiant

Residing at _____, Idaho.

JURAT

State of Idaho
County of Ada

Subscribed and sworn/affirmed before me this
___7___ day of _March_, 2020.

_____
Alan Stewart - Notary Public

My Commission Expires: 08/16/2020

                                    Grievance # II 170000041
                                    Access to Courts

Dated received: January 11, 2017

PROBLEM: Paralegal Stewart refusing to mail legal mail to the ACLU, (2 letters). Stated per policy (IDOC) or maybe his own, such letters were not legal or privileged.

TRIED TO RESOLVE: Unanswered Concern sent to paralegal Stewart on December 28, December 2016.

SUGGEST FOLLOWING SOLUTION: Follow the law, change illegal policies and pay damages to me for violating constitutional rights and clearly established law.

Date Forwarded 1-12-17        Date returned 1-23-17    I received 1-30-17

LEVEL I INITIAL RESPONSE   ALAN STEWART PARALEGAL

     Policy defines legal mail as: "Confidential communication directly between (a) an inmate and an attorney (for the purpose of seeking or providing legal services only), (b) an inmate and the court, (c) opposing parties for service of documents pursuant to court rules, or (4) third parties for service of documents pursuant to court rules."
     On 12-27-16 two envelopes were recovered from a Resource Center lock box from Mr. Goodrick. One was simply addressed to ACLU and the other addressed to Stephen L. Pevar, ACLU at an address in Connecticut. I verified, by checking the Connecticut bar website, that Stephen Pevar was not registered as a lawyer in that state. Neither envelope was legal mail defined by policy and therefore returned to Mr. Goodrick for proper handling as regular mail through the unit. Contrary to Mr. Goodrick's claim on 12-30-16 his concern was received and a response was sent the same date regarding the rejected mail stating "Per policy mail to the ACLU is not legal mail. Stepen Pevar is not a licensed attorney in Connecticut. Only legal mail is processed through the Resource Center. Other mail is handled through the housing units." Mr. Goodrick was informed why his mail **did not com**ply with policy and was given direction on how to properly obtain mailing he desired within the policy.

GRIEVANCE # II 170000041. . . Page 1

LEVEL 2-REVIEWING AUTHORITY    GARRETT COBURN, D.W.    1-27-17   DENIED

Policy is very specific as to what qualifies as legal mail and your mail did not meet the threshold. Policy is also within the legal boundaries that have been outlined for inmates access to courts.

APPEAL (PLAINTIFF'S APPEAL)   1-30-17

The law is clearly established in that mail to an attorney or ACLU is legal mail. The IDOC has been sued enough times by both Stephen Pevar and the ACLU. Mr. Stewart is well aware Mr. Pevar is an attorney. IDOC policy is illegal as it violates Constitution and clearly established law. My rights have been violated. I was unable to consult attorneys and lost viable claims and denied access to the courts. I have suffered injuries warranting damages. I seek damages and policy change to conform with the Constitution and clearly established law. Responders have been placed on notice and failed to correct the unconstitutional practices. I never received any response to Concern. Lastly, Mr. Stewart never identifies policy number he relies on. Identify it with specificity in responding to the grievance.

## N O T E

Defendant Yordy who is the appellate authority has refused to respond to the grievance appeal within the sixteen (16) day time limit per policy **EVEN AFTER** two (2) concerns to the Grievance Coordinator. See: Exhibit "4" of the Complaint.