U.S. COURTS

JUL -9 2018

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Dan Goodrick # 13304
ISCI; Medical Annex # 2
Box 14
Boise, Idaho 83707
Plaintiff in Propria Persona

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAN GOODRICK,<br>        Plaintiff,<br><br>vs.<br><br>JEFF ZMUDA, et. al.,<br>        Defendants. | Case No. 1:17-cv-00104-BLW<br><br>PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE INITIAL REVIEW ORDER OF JUNE 28, 2018 |

COMES NOW, Plaintiff Dan Goodrick, and hereby moves this Court to reconsider it's Initial Review Order for the reasons set forth below.

I.

On page 4 of the (IRO) this Court held that prison staff rejected Plaintiff's letter to Stephen Pevar as he was not a member of the bar in Connecticut but failed to recognize that Pever has been a national staff counsel for the A.C.L.U. for about 40 years and has performed much prisoner litigation in Idaho, regardless of his state licensure.

PLAINTIFF'S RECONSIDERATION MOTION. . . Page 1

Stephen Pevar is a licensed in the state of South Dakota.

Plaintiff would ask, since when is an attorney to be licensed in a particular state in order to seek legal advice and mail to him to be treated as legal mail ? This holding is in conflict with clearly established.

## II.

On page 4 of the (IRO) this Court states ". . .the mailroom staff's interpretation of 'legal mail' appears inconsistent with the SOP;. . .". This infers that policy is not being applied and, it denied Plaintiff freedom of speech and association not to mention access to the courts. What this Court **did** **not** address was the allegations that the so-called "confidential mail" is subject to seizure, censorship, and rejection by prison staff.

## III.

On page 5 of the Court's (IRO) it held, ". . .prison staff have more narrowly defined 'legal mail'. . ." and went on to state, ". . .nothing in this narrower definition that offends the Constitution. . ." . However, this Court has failed to acknowledge that Plaintiff could not mail letters to Stephen Pevar nor the A.C.L.U. in Boise because Defendant Stewart would not treat it as "legal mail" and by doing so subjected such letters to seizure, censorship, and copying among other things.

## IV.

This Court further went on to hold on page 4 of its' (IRO) that "there is no established minimum requirements that a state

PLAINTIFF'S RECONSIDERATION MOTION. . .Page 2

must meet in order to provide indigent inmates with adequate access to the courts." This holding is contrary to clearly estalished law.

### V.

This Court on page 7 of its' (IRO) held ". . .the 'right to counsel' under the Sixth Amendment is a right recognized only in criminal matters. There is no constitutional "right" to solicit for civil matters.

Plaintiff submits such hold if plain error and flies in the face of the Sixth and Fourteenth Amendments not to mention clearly established law.

### VI.

This Court in its' (IRO) held that ". . .The law recently has been clarified that prison officials may inspect, but nor read, a prisoner's outgoing legal mail, and must perform the inspectionn in the prisoner' presence."

That's a true statement and a fair one. However, the Court fails to acknowledge that Defendants want to treat letters to the A.C.L.U. or to Stephen Pevar as "onfidential" and, under the Defendants policy they may open, read, cop, and even destroy as there is no "legal mail log" that such was ever sent when mail is being treated as "confidential."

### **A R G U M E N T**

There is absolutely **NO** controlling law or decisional law that in order for mail to be treated as "legal mail" the attorney must be a member of the bar in the state of Idaho or appointed counsel.

PLAINTIFF'S RECONSIDERATION MOTIONS. . . Page 3

      Prisoners do not need to show actual injury "beyond the free speech violation to state a constitutional claim. . . rather, the injury. . .is "that this right to privately confer with counsel has been chilled. . .This injury is sufficient to state a First Amendment claim.

      <u>Hayes v. Idaho Correctional Center</u>, 849 F.3d 1204, 1212-1213 (9th Cir. 2017).

WHEREFORE, Plaintiff request this Court to reconsider its' previous Initial Review Order as it is inconsistent with the factual allegations set forth in the Amended Complaint and controlling law.

Dated this 6th day of July, 2018.

                                        _Dan Goodrich_
                                        Dan Goodrick, Plaintiff

## C E R T I F I C A T E   O F   S E R V I C E

I HEREBY CERTIFY THAT, on this 6th day of July, 2018 I cause the foregoing pleading to be served upon the Clerk of the U.S. District Court in Boise, Idaho by giving the same to the ISCI Medical Annex Officer in a prepaid stamped envelope to be mailed by U.S. Mail because the ISCI paralegal did not give me access to transmit this pleading electronicallt even though I put in a "access to court" form timely.

                                        _Dan Goodrich_
                                        Dan Goodrick, Plaintiff